J. S71009/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RHONDA L. BRILLA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM M. BRILLA, | : | No. 2063 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Order, November 14, 2014
in the Court of Common Pleas of Clearfield County
Civil Division at No. 2002-1648-CD

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 1, 2016**

William M. Brilla appeals, ***pro se***, from the order entered November 14, 2014, by the Court of Common Pleas of Clearfield County, finding him in civil contempt for failing to make payments to his ex-wife Rhonda L. Brilla as required in the trial court's April 12, 2013 order.  We affirm.

The trial court summarized the facts and procedural history as follows:

> The present appeal is the latest in a long series of appeals in a divorce and custody matter.  To say that this case is litigious grossly understates the matter.  The initial divorce complaint was filed in 2002, and has now grown to include more than three hundred and thirty three docket entries, and multiple appeals to the Pennsylvania Superior Court.  So voluminous is the file, that it cannot be maintained with the rest of the files in the local Prothonotary's office.  Indeed, this file has its own shelf.

It is unnecessary, if not impossible, for the Court to recite the entire factual and procedural history of this case. Suffice it to say that this time, [appellant] is claiming that the Court erred in finding him in contempt on November 13, 2014 for failing to make payments in accordance with an Order entered on April 12, 2013. The [a]ppellant has alleged eight errors on the part of the Trial Court in his Concise Statement of Matters Complained of on Appeal. However, they are mostly duplicative or irrelevant, and can simply be summarized as the Appellant feels that the Trial Court abused its discretion in failing to find him unable to comply with the Court's Order of April 12, 2013.

In an Order of January 28, 2010, the Court ordered that both parties share an equal fifty percent share of the marital debt at the date of separation. Therefore, the [a]ppellant was ordered to pay $14,363.00 in monthly installments of $400.00 beginning in April of 2010. **Brilla v. Brilla**, 100 A.3d 309 (Pa.Super.Ct. 2014) (table). Appellant failed to comply with the January 28, 2010 Order; upon [a]ppellee's petition, in an Order dated April 12, 2013, [a]ppellant was found in contempt.

In the Order dated April 12, 2013, judgment was entered against the [a]ppellant in the amount of $15,363.00[,] plus the statutory interest rate of 6% per annum. At the time of the Order, the [a]ppellant was unemployed and struggling financially, so the Court did not Order him to make any payments on the judgment until he secured employment. Upon obtaining employment, the Order then required [a]ppellant to make payments of $250.00 per month. Not only did the Court not require the [a]ppellant to make payments while he was unemployed, but the $250.00 per month amount he was required to pay once he obtained employment was a significant reduction from the $400.00 monthly amount he was originally ordered to pay per the January 28, 2010 Order.

In any event, the [a]ppellant successfully did secure employment. However, he only made nominal payments; most of which were less than twenty dollars. Consequently, in October of 2014, the [a]ppellee brought a contempt petition against the [a]ppellant.

At the contempt hearing, the Court reviewed the [a]ppellant's payment history regarding the April 12, 2013 Order, as well as financial information offered by the [a]ppellant, and other evidence presented by the parties. The financial information offered by the [a]ppellant himself, reveals that he had ample funds available to make payments in accordance with the April 12, 2013 Order. This is particularly true when the Court disregards obviously inflated and irrelevant expenses such as $100.00 monthly expense for an "Animal," $100.00 monthly expense for "Kristin," and $35.00 monthly expense to pay for his paramour's fine. The [a]ppellant made payments ranging in the amount from $1.00 to $25.00. These payments are not in compliance with the Court Order. Rather, these payments appear to be meant to antagonize the [a]ppellee.

Simply put, the Court heard testimony from both parties at the contempt hearing, considered all of the evidence presented, and found that [a]ppellant was able to comply with the April 12, 2013 Order. However, for whatever reason, the [a]ppellant chose not to comply. Therefore, the Court found him in contempt.

Trial court opinion, 4/23/15 at 1-4.

Appellant frames his statement of questions involved as follows:

1. Did the trial court demonstrate partiality, prejudice, bias, or ill-will toward the [a]ppellant?

2. Was the trial courts [sic] order of November 14, 2014 unreasonable when viewed in light of it's [sic] own order of

September 23, 2013, finding that the [a]ppellant was complying "consistent with his financial situation"?

3. Was the [a]ppellant denied the right to respond to the trial courts [sic] allegations of "***obviously inflated***" and "***irrelevant expenses***" contained in its Pa.R.A.P. 1925(a)(1) opinion? (emphasis in original)

4. Does the evidence and testimony presented by the [a]ppellee show that the [a]ppellant was attempting to make some sort of payment "consistent with his financial situation" and keeping them informed regarding his financial situation?

5. Does the evidence and testimony presented by the [a]ppellant show progress made on the issue of his mortgage, and that a settlement, in compliance with the trial courts [sic] order of April 12, 2013, was imminent?

6. Was the evidence and testimony given by the [a]ppellant, and his witness, presented to the trial court without objection or refute?

7. Did the trial court deliberately disregard a possible settlement proposed by the [a]ppellee for an amount less than $250.00 specified in the April 12, 2013 order?

8. Did the [a]ppellee present any evidence or testimony at the November 12 [sic], 2014 hearing that demonstrated the [a]ppellant had any ability to ***strictly*** comply with the trial courts [sic] order of April 12, 2013, or show that he acted with wrongful intent? (emphasis in original)

9. Did the trial court dispute any of the evidence or testimony presented during the November 14, 2015 hearing?

Appellant's brief at 5-6.

At the outset, we note that pursuant to Pa.R.A.P. 1925(b), the trial court ordered appellant to file a concise statement of matters complained of on appeal. (Order, 3/17/15; R.R. at 376.) In his concise statement, appellant set forth the following two issues:

1. The [c]ourt erred in finding the [appellee] not in contempt and dismissing [appellant's] complaint.

2. The [c]ourt's decision appears to stem from bias and ill will directed toward the [appellant].

Concise statement of matters complained of on appeal, 4/6/15; R.R. at 318. Clearly, appellant's Rule 1925 statement does not raise, or even hint at, issues 2 through 9 raised in his brief, and we find these issues waived. Moreover, his Rule 1925 issue alleging error by the trial court in not finding wife in contempt and dismissing his complaint does not relate to the November 14, 2014 order that is the subject of this appeal. The only issue preserved for our review is appellant's first issue which alleges prejudice and bias on the part of the trial court.

In considering an appeal from a contempt order, we place great reliance upon the trial court's discretion. ***Bold v. Bold***, 939 A.2d 892, 894-895 (Pa.Super. 2007) (citation omitted). As such, appellate review of a contempt finding is limited to determining whether the trial court abused its discretion. ***Id.*** (citation omitted).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Id.* (citations omitted). Therefore, we will reverse an order granting or denying a civil contempt petition only upon a showing that the trial court misapplied the law or exercised its discretion in a manner that lacked reason. *MacDougall v. MacDougall*, 49 A.3d 890, 892 (Pa.Super. 2012) (citation omitted). Moreover, we defer to the trial court's credibility determinations with respect to witnesses who have appeared before it because that court has had the opportunity to observe their demeanor. *Habjan v. Habjan*, 73 A.3d 630, 644 (Pa.Super. 2013).

Generally, in civil contempt proceedings, the complainant bears the burden of proving that the defendant failed to comply with a court order. *MacDougall*, 49 A.3d at 892 (citation omitted). To sustain a finding of civil contempt, the complainant must prove by a preponderance of the evidence that (1) the contemnor had notice of the order that she alleges the contemnor disobeyed; (2) the act constituting the alleged violation was volitional; and (3) the contemnor acted with wrongful intent. *Id.* (citation omitted).

Here, appellant does not dispute notice, volition, or wrongful intent. Moreover, he does not contend that the trial court misapplied the law or

exercised its discretion in a manner that lacked reason. Rather, appellant complains that the trial court had already formed its conclusions regarding contempt prior to the hearing. (Appellant's brief at 14.)

However, our careful review of the record finds no indication of any partiality or bias on the part of the trial court. It is clear that the trial court was aware of the long and litigious history of this case. The court gave careful consideration to appellant's ability to pay the judgment owed and even modified its original order of April 12, 2013, to allow appellant relief while he sought employment. The court reviewed appellant's financial circumstances and payment history before entering this order on appeal, and we find its exercise of discretion free of any prejudice against appellant.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/1/2016